FILED
Samuel L. Kay, Clerk
United States Bankruptcy Court
Augusta, Georgia
By bgary at 2:35 pm, Nov 02, 2010

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE

SOUTHERN DISTRICT OF GEORGIA
Statesboro Division

| | | |
|---|---|---|
| IN RE: ) | | |
| SAFEVEST GLOBAL, LLC ) | CHAPTER 7 CASE | |
| Substantively Consolidated ) | NUMBER 08-10073 | |
| SAFEVEST, LLC ) | | |
| SAFEVEST HOLDINGS, LLC ) | | |
| JONES CREEK GOLF AND ) | | |
| PERFORMANCE CENTER, LLC ) | | |
| ) | | |
| Debtor ) | | |
| _____ ) | | |
| UNITED STATES SECURITIES AND ) | | |
| EXCHANGE COMMISSION ) | | |
| ) | | |
| Movant ) | | |
| ) | | |
| vs. ) | | |
| ) | | |
| MICKI DELP ) | | |
| ) | | |
| Creditor/Respondent ) | | |

### ORDER GRANTING MOTION TO QUASH SUBPOENA

This matter is before me on the motion by the United States Securities and Exchange Commission ("SEC") to quash a subpoena commanding the appearance of SEC employee Karen Matteson at a hearing in Augusta, Georgia, on the Trustee's Motion to Abandon Property of the Estate. The motion is granted, because service of the subpoena was ineffective.

Rule 45 of the Federal Rules of Civil Procedure, made applicable in bankruptcy cases by Rule 9016 of the Federal Rules

AO 72A
(Rev. 8/82)

of Bankruptcy Procedure, provides that a subpoena may be served at any place:

>   (A) within the district of the issuing court;
>
>   (B) outside that district but within 100 miles of the place specified for the deposition, hearing, trial production, or inspection;
>
>   (C) within the state of the issuing court if a state statute or court rule allows service at that place of a subpoena issued by a state court of general jurisdiction sitting in the place specified for the deposition, hearing, trial, production, or inspection; or
>
>   (D) that the court authorizes on motion and for good cause, if a federal statute so provides.

F.R.C.P. 45(b)(2)(A)-(D).

Here, service was not proper under any subsection of Rule 45(b)(2). The subpoena issued from the United States Bankruptcy Court for the Southern District of Georgia and was served on Matteson at her home in the Los Angeles area of California—a place neither authorized on motion under Rule 45(b)(2)(D) nor within the geographic limits of service specified under Rule 45(b)(2)(A), (B), or (C).

There is "widespread recognition" that a court's subpoena powers are geographically limited. Johnson v. Big Lots Stores, Inc., 251 F.R.D. 213, 221 (E.D. La. 2008); see also McColm v. Michal (In re Michal), A.P. No. 06-9036, 2009 WL 6498513, at *1 (Bankr. N.D. Ga. Apr. 2, 2009) ("A subpoena may be

AO 72A
(Rev. 8/82)

properly served only within the limited geographic area specified in Rule 45(b)(2)."). Because the bankruptcy court in the Southern District of Georgia had no power to subpoena Matteson in California, the subpoena is not enforceable.

The Motion to Quash Subpoena is therefore **ORDERED GRANTED**.

_____
JOHN S. DALIS
United States Bankruptcy Judge

Dated at Brunswick, Georgia,
this 2 day of November, 2010.